UNITED STATES DISTRCIT COURT
DISTRICT OF RHODE ISLAND

KIEL JAMES PARTICK, LLC, and KIEL
JAMES PATRICK ENTERPRISES, INC.,
    *Plaintiffs,*

v.                                                          C.A. No. _____

JANE DOE,
    *Defendant*

## COMPLAINT

Plaintiff Kiel James Patrick, LLC ("**KJP, LLC**") and Plaintiff Kiel James Patrick Enterprises, Inc. ("**KJP, Inc.**") (individually and collectively, "**Plaintiff**" or "**Plaintiffs**"), by and through the undersigned counsel, hereby bring this action against Defendant Jane Doe ("**Defendant**") requesting money damages and equitable relief resulting from Defendant's violations of the Plaintiff's intellectual property rights.  Plaintiff alleges the following facts and causes of actions against Defendant.   Plaintiff does not yet know the identity of Defendant and Plaintiff plans to amend this Complaint regarding the identity of Jane Doe following discovery.

## I.
## PARTIES

1.    Plaintiff KJP, LLC is a Rhode Island limited liability company with a principal place of business located at 925 Central Avenue, Pawtucket, Rhode Island 02861.

2.    Plaintiff KJP, Inc. is a corporation duly organized under the laws of the State of Rhode Island with a principal place of business located at 925 Central Avenue, Pawtucket, Rhode Island 02861.

1

3.      Upon information and belief, Defendant Jane Doe is an individual who resides in the State of Rhode Island and as addressed above Plaintiff plans to amend this Complaint regarding the identity of Jane Doe following discovery.

## II.
## JURISDICTION AND VENUE

4.      The Court has subject matter jurisdiction over the claims asserted herein pursuant to 15 U.S.C. § 1051 *et seq.* ("**Lanham Act**"), including 15 U.S.C. § 1121 as well as 15 U.S.C. § 1114(1) and 15 U.S.C. § 1125(a), and 28 U.S.C. § 1331.

5.      The Court has supplemental jurisdiction over the claims asserted herein which arise under state statutory and common law pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6.      Upon information and belief, personal jurisdiction is proper as all parties to this action are residents of the State of Rhode Island and because Defendant's acts that form a substantial part of the events giving rise to this action occurred in the State of Rhode Island.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial portion of the events giving rise to this action occurred in this District.

## III.
## FACTS

### *KJP*

8.      Plaintiff designs, creates, manufactures, and sells original fashion products and accessories, including, among other items, clothing, jewelry, and pet accessories ("**Products**").

9. Plaintiff's Products are uniquely inspired by the unique aspects of New England life with particular emphasis on themes such as living a nautical lifestyle, pursuing the "American Dream," and the aesthetics of New England's changing seasons.

10. Plaintiff's Products are marketed and sold at/on the e-commerce store, www.kieljamespatrick.com ("**KJP website**") and the Products are also sold at the Kiel James Patrick Flagship Store in Newport, Rhode Island ("**Flagship Store**").

### *Trademarks*

11. Plaintiff owns and uses numerous and various trademarks to promote, market, advertise and sell its brand and Products and its trademarks are closely associated with Plaintiff's brand and Products, as well as their high-quality and nature.

12. Plaintiff is the owner of numerous valid and subsisting trademark registrations with the United States Patent and Trademark Office ("**USPTO**") including the following: (a) U.S. Reg. No. 5787726; (b) U.S. Reg. No. 4217951; (c) U.S. Reg. No. 4217952; (d) U.S. Reg. No. 5799190; (e) U.S. Reg. No. 4233031; (f) U.S. Reg. No. 6095333; (g) U.S. Reg. No. 6095331; (h) U.S. Reg. No. 5787724; and (j) U.S. Reg. No. 4819102.

13. Attached hereto as Exhibits 1-9 are true and correct copies of the Plaintiff's trademark registrations as identified above, which are hereby incorporated by reference. Collectively and individually, those registrations and trademarks, as well as all common law rights therein, are referred to as the "**KJP Marks**".

14. The registration of the KJP Marks is prima facie evidence of Plaintiff's exclusive right to use each mark as trademark and that it is valid, subsisting, and in full force and effect.

15. The KJP Marks are distinctive and identify the Products as goods designed, manufactured, and sold by Plaintiff and, due to considerable time, money, and other resources

expended by Plaintiff, the KJP Marks have become synonymous with the Products and denotes to the public the Product's high quality, well-manufactured goods.

16. Specifically, as can be seen in Exhibits 1, 2, and 3, the initials "KJP" are a federally registered trademark owned by Plaintiff and, as can be seen in Exhibits 4 and 5, the name "Kiel James Patrick" is a federally registered trademark owned by Plaintiff.

## *Social Media*

17. Plaintiff relies heavily on social media presence and word of mouth to sell their Products, build their brand recognition, and cultivate their business' goodwill.

18. A significant portion of Plaintiff's previous and continued success is due to their renowned social media marketing skills and abilities, which often generates multiple millions of views, likes, comments, and other interactions.

19. Plaintiff relies on their social media presence as a main form of advertising and marketing their brand and the KJP Marks and the Products.

20. Plaintiff regularly effectively uses social media to generate attention and exposure worth millions of dollars in other and/or more traditional methods of advertising and promotion.

21. Through social media expertise, Plaintiff has developed their business such that it is, and the KJP Marks are, now internationally recognized with millions of followers domestically and worldwide.

22. The namesake of Plaintiff is Kiel James Patrick ("**Mr. Patrick**")

23. The individual Instagram account for Mr. Patrick, "@kjp" has over one million two hundred thousand (1,200,000) followers and Mr. Patrick's individual TikTok account, "@kjp" has over one million five hundred thousand (1,500,000) followers.

24. Plaintiff also advertises and promotes their brand and the KJP Marks and the Products through the Instagram account of Mr. Patrick's wife, Sarah, "@SarahKJP", which has almost six hundred thousand (600,000) followers.

25. Plaintiff's Instagram account for the business, "@kieljamespatrick", additionally has over one hundred and forty thousand (140,000) followers.

26. Plaintiff's social media accounts, including those of Mr. Patrick and his wife, regularly post, as marketing material and content, original photographs that feature a recognizable aesthetic and point of view associated with Plaintiff and its brand and the KJP Marks and Products, including without limitation photographs of the Flagship Store, and Mr. Patrick and wife, Sarah.

27. Plaintiff often posts the same or similar marketing materials and/or original photographs, video, and content across its various social media accounts and handles and/or across associated or affiliated social media accounts and handles.

### *Defendant's Accounts*

28. Upon information and belief, Defendant operates and uses multiple Instagram accounts to effectuate a coordinated scheme of infringement and disparagement of Plaintiff.

29. Upon information and belief, Defendant operates and uses the following Instagram accounts (each individually, "**Defendant's Account**" and collectively, "**Defendant's Accounts**").

    a. "@Autumn.wanderlust" a/k/a "My New England";

    b. "@Shabby.Chic.90" a/k/a "My.Rhode.Island";

    c. "@my.new.england" a/k/a "preppy.gal"; and

    d. "@autumn_moon.child" a/k/a "new.england.wanderlust".

30. Upon information and belief, Defendant uses each of their accounts (i.e., Defendant's Accounts) individually but also in coordination with the other accounts.

31. When using their accounts (i.e., Defendant's Accounts) Defendant is careful not to reveal their identity or post any personal picture or information about or indicating their identity.

32. Each of Defendant's Accounts share a (purported) theme of using photographs to document autumn in New England and feature little original material, instead growing their following by primarily reposting Plaintiff's marketing materials, and photographs, and materials.

33. Each of Defendant's Accounts has posted a conspicuous number of the exact same pictures and/or videos, and by far the most interaction that each of the Defendant's Account receives in the form of likes and comments come from the other Defendant's Accounts.

34. Each of Defendant's Accounts has repeatedly reproduced Plaintiff's marketing materials, photographs, content, and materials, including with disparaging captions and comments.

35. The disparaging comments from each of Defendant's Accounts all share a common theme and attempt to air out the same imagined grievances against Plaintiff and/or Mr. Patrick.

36. Each time one of Defendant's Accounts creates or interacts with a post disparaging Plaintiff, the other Defendant's Accounts immediately comment on the post and agree with it or further comment, which interaction is deliberate and designed to further promote and drive and draw attention to the disparaging and confusing post.

### *Coordination*

37. Upon information and belief, Defendant uses and operates the accounts (i.e., Defendant's Accounts) in coordination to cause confusion concerning Plaintiff and their brand and the KJP Marks and Products.

38. Upon information and belief, Defendant uses and operates the accounts (i.e., Defendant's Accounts) in coordination to lead consumers to believe one or all the Defendant's Accounts are associated or affiliated with or sponsored by Plaintiff.

39. Examples of conduct on and/or by Defendant's Accounts causing consumer confusion and/or falsely indicating or suggesting affiliation or association with, or sponsorship by Plaintiff include without limitation:

    a. Using and operating under the username "@KJP____".

    b. Posting Plaintiff's original photograph of the exterior of Plaintiff's Flagship Store.

    c. Posting Plaintiff's original photograph of various KJP Products.

    d. Posting Plaintiff's original time lapse video of Plaintiff's employees decorating Plaintiff's Flagship Store for the autumn season.

    e. Posting Plaintiff's original photograph of Mr. Patrick, Mr. Patricks' signature antique car, and Mr. Patrick's two golden retrievers.

    f. Posting Plaintiff's original photograph of Mr. Patrick's home.

    g. Writing in the profile description, "Photographer, KJP Flagship, Newport R.I."

40. At a minimum, Defendant's Accounts have copied and/or reproduced Plaintiff's marketing materials and posted over fifty (50) of Plaintiff's original photographs and videos and other content, many of which include, reference, or use the KJP Marks.

41. Further, three or four of Defendant Accounts have Posting Mr. Patrick's personal information including his phone number and/or his home address, thereby endangering Mr. Patrick, his wife and child, and their property and home.

42. Upon information and belief, Defendant's conduct via their accounts (i.e., Defendant's Accounts) displays a pattern of behavior harmful towards Plaintiff including intentional infringement, repeated disparagement, and numerous instances of posting of Mr. Patrick and his family's personal and non-public information.

### *Confusion and Harms*

43. Defendant's infringing acts have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source, nature, and quality of the goods Plaintiff is offering under the KJP Marks and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant is associated or affiliated with or sponsored by Plaintiff.

44. Individually, the Defendant's Accounts are likely to confuse consumers and, without limitation, lead consumers to believe one or all of Defendant's Accounts are affiliated or associated with and/or sponsored by Plaintiff.

45. Together, the Defendant's Accounts are likely to confuse consumer and, without limitation, lead consumers to believe one or all of Defendant's Accounts are affiliated or associated with and/or sponsored by Plaintiff.

46. In totality, the Defendant's Accounts are likely to confuse consumer and, without limitation, lead consumers to believe one or all of Defendant's Accounts are affiliated or associated with and/or sponsored by Plaintiff.

47. Defendant's use of KJP Marks is likely to cause consumer confusion and falsely indicate or suggest that Plaintiff is affiliated or associated with or has sponsored Defendant.

48. Defendant's use of Defendant's Accounts is likely to cause consumer confusion and falsely indicate or suggest that Plaintiff is affiliated or associated with or has sponsored Defendant's Accounts.

49. Defendant's acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

50. Due to the nature of the posts and content on Defendant's Accounts, actual and prospective consumers of the Plaintiff will believe that an employee or representative of Plaintiff is making disparaging comments regarding the source and quality of Plaintiff's Products.

51. Plaintiff has never granted the Defendant's Accounts or Defendant any authorization, permission, or license to use, copy, or reproduce the KJP Marks and/or KJP marketing materials including, but not limited to, Plaintiff's photographs, videos, and content.

52. Upon information and belief, Defendant's actions are intentional and knowing and meant to harm Plaintiff.

53. Upon information and belief, Defendant is aware that Plaintiff has made effort for the enforcement of their intellectual property rights.

54. Upon information and belief, Defendant has already been informed that their actions are in violation of Plaintiff's intellectual property rights.

55. Upon information and belief, Defendant does not intend to stop their infringing and/or harassing activities of Plaintiff.

56. For example, Defendant's Account, on a post depicting the Flagship Store, posted, "Don't get a C&D in the mail!!" followed by the "crying laughing" emoji.

57. For example, Defendant's Account, posted, "If you don't want people taking you video or photos put your account to private. Nobody cares whether or not if it's copyright © or not."

### *Prior Efforts*

58. Plaintiff contacted Instagram and Meta Platforms, Inc. multiple times to attempt to find a non-judicial solution to Defendant's and Defendant's Accounts repeated and continuing infringement of their intellectual property rights.

59. Plaintiff received no response from Instagram following using the reporting tool and several of the reported posts remain accessible despite their obviously infringing, harassing, and even dangerous nature.

60. Given Instagram's lack of response to their own internal reporting tool, Plaintiff sent a demand letter to Instagram and Meta Platforms, Inc. detailing Defendant's infringement of Plaintiff's intellectual property rights, but also the campaign of harassment and endangerment directed towards Mr. Patrick that Defendant conducted via Defendant's Accounts including the posting of Mr. Patrick and his wife's personal and non-public information.

61. Plaintiff received only an email from Meta Platforms, Inc. in response to the demand letter indicating that it could not assist because any complaint or issues needed to be submitted via the Instagram abuse reporting tool.

62. Plaintiff has taken efforts to vigorously enforce their intellectual property rights, and are now forced to file this action to combat Defendant's ongoing infringement and harassment due to the stonewalling and lack of response from Instagram and Meta Platforms, Inc.

### IV.
### CAUSES OF ACTION

#### COUNT I
#### *(Federal Trademark Infringement)*
#### *(15 U.S.C. § 1114(1))*

63. Plaintiff repeats and realleges the allegations contained in each of the foregoing paragraphs as if fully set forth herein.

64. Plaintiff owns the KJP Marks and the KJP Marks are valid and protectable.

65. Plaintiff has not authorized Defendant to use the KJP Marks.

66. Defendant's use of the KJP Marks constitutes trademark infringement.

67. Defendant's use of Defendant's Accounts and KJP Marks is likely to cause and/or has caused consumer confusion as to the source, nature, and quality of the Products that Plaintiff is offering under the KJP Marks.

68. Defendant's use of Defendant's Accounts and KJP Marks is likely to cause and/or has caused consumer confusion as to whether Plaintiff is associated or affiliated with or has sponsored Defendant.

69. Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's rights in the KJP Marks and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

70. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has been, is now, and will continue to suffer irreparable harm and unless Defendant is restrained from further infringement, Plaintiff will suffer further harm to its name, reputation, and goodwill.

71. Plaintiff's harm constitutes an injury for which there is no adequate remedy at law.

72. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorney fees, and costs of the action together with pre-judgment and post-judgment interest.

## COUNT II

**(Federal Unfair Competition & False Designation of Origin)**
**(15 U.S.C. § 1125(a))**

73. Plaintiff repeats and realleges the allegations contained in each of the foregoing paragraphs as if fully set forth herein.

74. Defendant's unauthorized use of the KJP Marks as alleged herein is likely to deceive consumers as to the origin, source, and/or affiliations of Plaintiffs Products and is likely

to cause consumers to believe that the Defendant's Accounts are authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiffs.

75. Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection and/or association of the Defendant's Accounts and Plaintiff and Plaintiff's Products.

76. Defendant's conduct constitutes unfair competition and false designation of origin.

77. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has been, is now, and will continue to suffer irreparable harm and unless Defendant is restrained from further infringement, Plaintiff will suffer further harm to its name, reputation, and goodwill.

78. Plaintiff's harm constitutes an injury for which there is no adequate remedy at law.

79. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorney fees, and costs of the action together with pre-judgment and post-judgment interest.

**COUNT III**
*(Trademark Infringement and Misappropriation)*
*(Common Law and/or R.I.G.L. § 6-2-1 et seq)*

80. Plaintiff repeats and realleges the allegations contained in each of the foregoing paragraphs as if fully set forth herein.

81. Plaintiff is the owner of the KJP Marks and has established common law trademark rights, and under R.I.G.L. § 6-2-1 *et seq*, in them concerning, among other things, fashion products and accessories, including, among other items, clothing, jewelry, and pet accessories.

82. Defendant's actions alleged herein constitute common law trademark infringement and misappropriation and have and will continue to create a likelihood of confusion to the irreparable injury of Plaintiffs.

83. Upon information and belief, Defendant acted with full knowledge of Plaintiff's use of and statutory and common law rights to the KJP Marks without regard to the likelihood of confusion created by Defendant's activities.

84. Defendant's acts of infringement and misappropriation have caused and are causing great and irreparable harm to Plaintiff and Plaintiff's goodwill and, unless restrained, will cause further irreparable injury and damage, leaving Plaintiff with no adequate remedy at law.

85. Plaintiff is entitled to, among other relief, judgment enjoining and restraining Defendant from engaging in further acts of infringement and misappropriation, and for monetary damages caused by Defendant's ongoing misconduct.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. That final judgement enters in favor of Plaintiff and against Defendant on all counts and/or claims of this Complaint.

2. That final judgment enters that Defendant has violated 15 U.S.C. § 1114(1) and 15 U.S.C. § 1125(a) and that Defendant has violated the laws of the State of Rhode Island, including R.I.G.L. § 6-2-1 *et seq*, by engaging in common law trademark infringement and misappropriation.

3. That Defendant, and their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them temporarily, preliminarily, and permanently enjoined and restrained from:

   a. Using the KJP Marks or any reproduction, counterfeit copies, variations, or colorable imitations thereof in any manner on any social media platform including but not limited to Instagram.

    b. Committing any acts, including using any of Defendant's Accounts and/or creating any other social media account or handle, that causes consumers or the public to believe that Defendant and/or their social media accounts are associated or affiliated with, sponsored by, employed by, or represent Plaintiff, Mr. Patrick, and/or his businesses.

    c. Infringing the Plaintiffs trademarks and damaging Plaintiffs' goodwill.

    d. Using, reproducing, reposting or in any way copying any of Plaintiffs' original photographs, marketing materials, content, and/or any other form of post to Plaintiff's social media accounts that are connected to Plaintiffs' businesses, their Flagship Store, and/or the Products.

    e. Contacting or engaging with Plaintiff or its owners, employees, representatives, vendors, contractors, or agents, whether directly or indirectly, including Mr. Patrick and his family.

    f. Posting or releasing the personal or non-public information of any of Plaintiff or its owners, employees, representatives, vendors, contractors, or agents, including Mr. Patrick and his family.

4. Directing Defendant to file with the Court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the Court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

5. Awarding compensatory damages sustained by Plaintiff because of Defendant's wrongful and unlawful conduct, in an amount to be ascertained at trial, and directing that

Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts, enhanced as appropriate to compensate Plaintiff for the damages caused.

6. Awarding Plaintiff punitive and exemplary damages as the Court finds appropriate to deter any future willful infringement.

7. Awarding Plaintiff reasonable attorney's fees and costs and declaring that this is an exceptional case for the aware of attorney's fees and costs.

8. Award Plaintiff all other relief that this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in this action.

> Plaintiffs,
> Kiel James Patrick, LLC,
> Kiel James Patrick Enterprises, Inc.
> By their Attorney,
>
> */s/ C. Alexander Chiulli*
> C. Alexander Chiulli, Esq.
> (RI Bar No. 9139)
> Savage Law Partners, LLP
> 564 South Water Street
> Providence, RI 02903
> Email: achiluli@savagelawpartners.com
> Tel:   (401) 238-8500
> Fax:   (401) 648-6748